UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COURT NO. 3:18-cv-295-RGJ                                  *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.

ROSCOE E. TIDWELL
9310 COMMUNITY COVE WAY
LOUISVILLE, KY 40229                                                         DEFENDANT

## COMPLAINT

1. This is an action to recover monies owed to the United States of America through its agency the Social Security Administration.

2. The Plaintiff is the United States of America on behalf of its agency the Social Security Administration.

3. The Defendant is Roscoe E. Tidwell.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

5. Venue exists within this Division of the Western District of Kentucky, where the Defendant resides.

6. To the best of Plaintiff's knowledge, the Defendant is not an infant or incompetent person.

7. The Defendant engaged in a trial work period starting in November 2008 and concluding in July 2009.

8. For the period May 2010 through May 2013, the Defendant was engaged in substantial gainful activity.

9. As a result of the Defendant's substantial gainful activity, the Defendant was not due any benefit payments beginning in May 2010.

10. Defendant received benefit payments from the Social Security Administration for the period May 2010 through May 2013 resulting in an overpayment of $32,723.50.

11. By letter dated June 6, 2013, the United States notified the Defendant that he owed an overpayment to the United States.

12. The Defendant request a repayment agreement in the amount of $150.00 per month on March 25, 2015. As of at least January 10, 2018, no payments were ever received.

13. The Social Security Administration has sent numerous billing notices and call-in notices.

14. As of January 10, 2018, the Defendant is indebted to Plaintiff in the amount of $32,723.50, as is set forth in the Certificate of Indebtedness which is attached and marked as Exhibit A.

15. Under the provision of 28 U.S.C. § 2412(a)(2), the United States is entitled to a filing fee in the amount of $400.00 to be taxed as costs against the defendant in actions initiated by the United States in any Federal District Court.

WHEREFORE, plaintiff United States of America, demands judgment against defendant, Roscoe E. Tidwell, for the sum of $32,723.50 as of January 10, 2018, plus pre-judgment interest at the rate of 0% from January 11, 2018, until date of judgment, plus additional interest on the judgment balance at the legal rate allowed by law, computed daily and compounded annually, its costs herein expended, and any further relief to which the plaintiff may appear entitled. Plaintiff is entitled to recover a filing fee in the amount of $400.00.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney


  s/ William F. Campbell
William F. Campbell
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone No: (502) 582-6773
Fax No: (502) 625-7110

SOCIAL SECURITY ADMINISTRATION
OFFICE OF CENTRAL OPERATIONS
1500 WOODLAWN DR
BALTIMORE, MARYLAND 21241

CERTIFICATE OF INDEBTEDNESS

Claim No. xxx-xx-9479HA

Debtor Name: Roscoe E Tidwell
Address:     9310 Community Cove Way
             Louisville KY 40229

Total debt due United States as of January 10, 2018 is $32,723.50.

I certify that the Social Security Administration records show that the debtor named above is indebted to the United States in the amount stated above.

The claim arose in connection with an overpayment of Social Security benefits.

Section 222 (c) of the Social Security Act, as pertinent herein, provides that an individual can have a trial work period. This period is allowed so the individual can test their ability to work for up to 9 months, while still disabled, without losing benefits.

Section 223 (e) of the Social Security Act, states that no benefit shall be payable to an individual for any month in which he engages in substantial gainful activity during the 36-month period following the end of his trial work period.

Section 223(a) of the Act, provides that an individual performing substantial gainful activity will no longer be entitled to receive disability insurance benefits and, in effect, that entitlement to such benefits shall end with the close of the second month following the month in which the disability ceases. Under this section of the Act, no payments may be made to an individual who engages in substantial gainful activity.

The debtor completed a trial work period. The trial work months were November 2008, December 2008, January 2009, February 2009, March 2009, April 2009, May 2009, June 2009, and July 2009. For the period May 2010 through May 2013, the debtor named above was engaged in substantial gainful activity after the trial work period. Disability ceased in August 2009, which is the first month of substantial gainful activity after the trial work period. Records indicate the debtor returned to work and had the following earnings: $15,871.79 in 2009, $16,076.35 in 2010, $31,134.26 in 2011, $42,950.29 in 2012, $50,441.58 in 2013, $54,212.48 in 2014, $56,741.95 in 2015, and $66,156.67 in 2016. The debtor was not due any benefit payments beginning May 2010. The debtor was in fact paid benefits for the period May 2010 through May 2013 resulting in an overpayment of $32,723.50.

The debtor was notified of the overpayment in a letter dated June 06, 2013. The debtor requested a repayment agreement in the amount of $150.00 per month on March 25, 2015, however, no payments were ever received. Numerous billing notices and call-in notices have been sent. We have not received any refunds.

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

*Marsha Reaves for Chris Goble*
Marsha Reaves for
Chris Goble
Associate Commissioner
For Office of Central Operations

Date: January 10, 2018



JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE